**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

CHRISTIAN VANCE LANE,                )
                                     )
        Petitioner,                  )
                                     )
v.                                   )        Case No. CIV-26-255-D
                                     )
DAVID WEBER, Comanche County Detention )
Center Jail Administrator,           )
                                     )
        Respondent.                  )

## <u>ORDER</u>

Petitioner Christian Vance Lane, a *pro se* Oklahoma prisoner, brought this action seeking habeas relief pursuant to 28 U.S.C. § 2241. [Doc. No. 1]. The matter was referred to United States Magistrate Judge Suzanne Mitchell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3].

On March 25, 2026, the magistrate judge issued a Report and Recommendation [Doc. No. 8], in which she recommends that the Court dismiss this action without prejudice for Petitioner's failure to exhaust his state court remedies and due to his ongoing state court proceedings.[1] In her report, the magistrate judge notified Petitioner of his right to file an objection to the report on or before April 15, 2026, and that the failure to object waives

---

[1] After the report was issued, Petitioner filed a Motion to Quash or Reduce Charge [Doc. No. 9]. Upon review of the motion's case caption, it appears Petitioner meant to file it in his District Court of Comanche County, Oklahoma proceedings. *See State of Oklahoma v. Lane*, No. CF-2023-63 (Okla. Dist. Ct. of Comanche Cnty. 2023). To the extent Petitioner meant to file the motion in this Court, the Court declines to address it for the same reasons stated in the report.

1

Petitioner's right to appellate review of both factual and legal issues contained in the report. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

Upon review of the file and noting no timely objection to the findings and recommendations of the magistrate judge, the Court **ADOPTS** the Report and Recommendation [Doc. No. 8] in its entirety.

For the reasons stated therein, the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 is **DISMISSED WITHOUT PREJUDICE**. A separate judgment shall be entered.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability (COA) when it enters a final order adverse to a petition. A COA may issue only if Petitioner "has made a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529

U.S. at 484. Upon consideration, the Court finds the requisite standard is not met in this case. Therefore, a COA is **DENIED**. The denial shall be included in the judgment.

    **IT IS SO ORDERED** this 29th  day of April, 2026.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE